FILED '09 FEB 25 14:37 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA J. RAGSDALE,                                  08-CV-3003-TC

                    Plaintiff,                        OPINION AND
                                                      ORDER
              v.

SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
_____

COFFIN, Magistrate Judge:

### Background

Plaintiff Cynthia Ragsdale ("Ragsdale") brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. This court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Ragsdale was born on June 10, 1950.  Tr. 64.[1]  She has completed a GED and some college.  Her most recent work experience includes work as a child care provider and a teacher's aide. Tr. 71, 76.  Ragsdale alleges disability beginning in October 2002 as a result of disorders of the cervical and lumbar spine, depression and anxiety, and shoulder tendinitis.

On appeal to this court, Ragsdale contends that the ALJ erred by:  (1) failing to properly consider the opinion of a family nurse practitioner; (2) failing to consider the record as a whole; and (3) disregarding the testimony of the vocational expert.  For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.[2]

## Standard of Review

The initial burden of proof rests on the claimant to establish disability.  <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the

---

[1]  "Tr." refers to the official transcript of the administrative record.

[2]  The parties have consented to jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 631(c)(1).

burden of developing the record.   DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.   42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision.   Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).   If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner."   Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

<u>Disability Analysis</u>

The ALJ applied the five-step disability determination procedure described in 20 C.F.R. § 404.1520.   See Bowen v. Yuckert, 482 U.S. 137, 141–42 (1987).

At step one, the ALJ found that Ragsdale had not engaged in substantial gainful activity at any time relevant to the ALJ's decision.   Tr. 20; see § 404.1520(b).

At step two, the ALJ found that Ragsdale had the following severe impairments: cervical degenerative disc disease and left shoulder tendinitis.  Tr. 20; see § 404.1520(c).

At step three, the ALJ determined that Ragsdale did not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in Appendix 1.  Tr. 21; see § 404.1520(d).

The ALJ concluded that Ragsdale had a residual functional capacity ("RFC") to perform a full range of light work; light work can require lifting up to twenty pounds, frequent lifting up to ten pounds, and the capacity for sedentary work.  Tr. 21; see §§ 404.1520 (e), 404.1567.

At step four, the ALJ concluded that Ragsdale was capable of performing past relevant work as a teacher's aide.  Tr. 24; see § 404.1520(f).  Because the ALJ concluded at step four that Ragsdale was not disabled, he did not continue with the sequential evaluation to step five.

Discussion

I.   <u>Medical Evidence</u>

    A.   <u>Patty Schein, FNP</u>

        1.   <u>Social Security Ruling 06-03P</u>

Ragsdale argues that the ALJ erred by discounting the opinion of Patty Schein, a family nurse practitioner, as not an "acceptable medical source."  Tr. 23.  Acceptable medical sources who can

provide evidence establishing that a claimant has a medically determinable impairment include physicians, psychologists, optometrists, podiatrists, and speech-language pathologists. 20 C.F.R. § 404.1513(a). The regulations also provide:

> (d) Other Sources. In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to-
>
> (1) Medical sources not listed in paragraph (a) of this section (for example, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists);

§ 404.1513(d)(1). The Ninth Circuit has held that because the Code of Federal Regulations sets forth guidelines for weighing conflicting opinions from acceptable medical sources while containing no such guidelines for weighing the opinions of other medical sources, the Commissioner is permitted to accord opinions from other sources, such as nurse practitioners, less weight than opinions from "acceptable medical sources." Gomez v. Chater, 74 F.3d 967, 970-71 (9th Cir. 1996).

Ragsdale relies on SSR 06-03P, which clarifies how the Commissioner should consider opinions from sources other than acceptable medical sources. SSR 06-03P states that "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an

Page 5 - OPINION AND ORDER

'acceptable medical source,' including the medical opinion of a treating source." S.S.R. 06-03P, 2006 WL 2329939, *5. Factors considered include: (1) how long and how frequently the source has seen the claimant; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source explains the opinion; and (5) the relevant expertise of the source of the opinion. Id. at 4-5.

SSR 06-03P became effective August 9, 2006 - after the ALJ issued his decision in this case on June 23, 2006. Ragsdale argues that despite the fact that SSR 06-03P was issued after the ALJ issued his decision, this court should consider this ruling in evaluating the ALJ's decision.

The Ninth Circuit has not considered whether SSR 06-03P applies to claims which had been previously decided by an ALJ and are pending appeal. The circuits that have considered whether SSR 06-03P is applicable to claims pending appeal have split on the issue. See, e.g., Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 541 (6th Cir. 2007) (declining to require that SSR 06-03P be applied to a case pending appeal at the time of its implementation), Sloan v. Astrue, 499 F.3d 883, 889 (8th Cir. 2007) (remanding to the agency to determine whether SSR 06-03P would affect its prior decision), Frantz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007) (remanding to the agency because the court cannot determine whether the

evidence could have led to a different result had the ALJ assessed it with reference to SSR 06-03P).

Social Security Rulings ("SSR") are interpretations by the Social Security Administration of controlling statutes and regulations and thus do not have the force of law. Quang Van Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989). An agency's interpretation of its own regulation is controlling unless it is plainly erroneous or inconsistent with the regulation. Id.

The Sixth Circuit correctly observed in Cruse that "[n]either in the text of SSR 06-03P nor elsewhere can we identify any intent on the part of the Administration to apply SSR 06-03P to appeals pending in the federal courts as of August 9, 2006, and we therefore decline to require that it be applied in this case." 502 F.3d at 542. The Sixth Circuit reasoned that "[w]e are not aware of any constitutional or statutory requirement that the Administration apply its policy interpretation rulings to appeals then-pending in the federal courts, absent, of course, ex post facto or due process concerns not present here." Id.[3]

The Eighth and Tenth Circuits, on the other hand, remanded for reconsideration. Both of these circuits noted that when an agency

---

[3] Unlike the appeal in Cruse, which had already been filed in federal court when SSR 06-03P was issued, SSR 06-03P had been issued after the ALJ in the present case had issued his decision but before Ragsdale filed her appeal in this court. However, the reasoning relied on by the Sixth Circuit is no less applicable to the circumstances of this case.

makes a policy change, there should be a remand for the agency to determine whether the new policy affects its prior decision. Both circuits extended this idea of a remand being appropriate for SSR 06-03P and noted such was appropriate even though SSR 06-03P was not a policy change, but merely a clarification of existing policy.[4]

The approach of the Eighth Circuit is most persuasive for the present case, especially in light of the Ninth Circuit's holding that an agency's interpretation of its own regulation is controlling. Quang Van Han, 882 F.2d at 1457. Similarly, an agency's interpretation of its own rulings should be controlling.

Because this court declines to determine whether SSR 06-03P is applicable to prior decisions and will leave that determination to the SSA, this court is unable to determine whether the ALJ properly

---

[4] The Eighth Circuit in Sloan remanded for determination of "whether [SSR 06-03P] clarifying its assessment of opinions from sources other than those deemed 'acceptable medical sources' affects its prior decision . . . ." 499 F.3d at 889-90. Based on its holding in Ingram that the reviewing court should remand to the agency to determine whether the new policy affects its prior decision, the Eighth Circuit held in Sloan that "[s]uch a remand is appropriate in this case," 499 F.3d at 889. Conversely, the Tenth Circuit in Frantz, relying on the Eighth Circuit's reasoning in Sloan, concluded that the case should be remanded to determine "whether [the] evidence could have led to a different result had the ALJ assessed it with reference to [SSR 06-03P]," 509 F.3d at 1302 (emphasis added). Although one could argue that the Tenth Circuit's holding in Frantz indicates that retroactive application of SSR 06-03P is appropriate, this court concludes that remand for consideration of whether the new policy affects the prior decision is more consistent with the Sixth Circuit's observation in Cruse, the Eighth Circuit's holding in Ingram, and the Ninth Circuit's approach in Quang Van Han.

considered Schein's opinions and thus whether they would have led
to a different result had the ALJ been required to consider them
under the guidelines established by SSR 06-03P.  As such, this
court reverses and remands for the determination of whether SSR 06-
03P applies to its prior decision. If the SSR is applicable,
Schein's opinions should be reevaluated in light of such SSR.

        2.   <u>Fully Develop Record</u>

To the extent that the ALJ considered Schein's testimony, the
ALJ erred by not re-contacting Schein to clarify apparent
contradictions in her reports.  When the report of a treating
physician, psychologist or other medical source contains a conflict
or ambiguity that must be resolved, the ALJ must seek additional
evidence or clarification.  20 C.F.R. § 404.1512(e)(1); <u>see also</u>
<u>Mayes v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding
that the ALJ's duty to further develop the record is triggered when
there is ambiguous evidence or when the record is inadequate to
allow for proper evaluation of the evidence).

On May 12, 2003, Schein opined that Ragsdale could lift 15
pound frequently and 25 pounds occasionally and required changes in
position every 30 minutes.  Tr. 180.  This is within the guidelines
established for evaluating ability to perform light work.  <u>See</u> 20
C.F.R. § 404.1567(b).  In that same report, however, Schein opined
that Ragsdale is unable to care for children in the quantity needed
to support herself.  On April 13, 2004, Schein concluded that

Ragsdale could lift 10 pounds only occasionally, but that Ragsdale could work a full 8-hour day with frequent rests. Tr. 248-249. This opinion, which places Ragsdale's abilities outside the parameters for light work, is seemingly at odds with Schein's earlier conclusion that Ragsdale was capable of performing at levels required for light work. Schein again revised her opinion as to Ragsdale's functional capacity on December 11, 2004, when she concluded that Ragsdale could frequently lift up to 10 pounds and occasionally lift up to 20 pounds. Tr. 250-51. Schein, however, concluded that Ragsdale no longer had the capacity to work an 8-hour day. Tr. 250-51. Thus, when considered against Schein's prior opinion, Ragsdale's ability to lift and carry increased while her ability to work an 8-hour day diminished.

At a minimum, Schein's opinions, when considered with the clinical evaluations of Dr. William Nemzek, diagnosing disc bulge and extrusion, Tr. 229, and Dr. Peter Grant, diagnosing mild to moderate and chronic right carpal tunnel syndrome, Tr. 151, and the claimant's daily activities, are ambiguous and inadequate to allow for proper evaluation of Ragsdale's claim. Although the ALJ has discretion as to the weight accorded the opinions of other medical sources, including nurse practitioners, he still had a responsibility, in the circumstances of this case,[5] to fully

---

[5] One of the circumstances of this case is that Schein was very involved in the treatment of Ragsdale's conditions.

Page 10 - OPINION AND ORDER

develop the record where medical evidence is contradictory or ambiguous. All things considered, it is appropriate to reverse and remand for further development of the record in connection with Schein's opinions.

B.    Jeffrey Solomon, DO

Dr. Jeffrey Solomon opined that Ragsdale would have difficulty working as a childcare provider for young children. Tr. 22. Dr. Solomon based his conclusion on a directed examination of Ragsdale which revealed "mildly positive impingement sign with both shoulders," carpal compression "positive for pain and tingling in the median nerve distribution bilaterally," and "chronic appearing muscle spasm throughout the cervical, thoracic, and lumbosacral paraspinals." Tr. 218. Based on this examination, Dr. Solomon diagnosed Ragsdale as suffering from degenerative arthritis of the cervical and lumbar spines, chronic myofascial pain, and mild carpal tunnel syndrome bilaterally. Tr. 219. This diagnosis is the basis on which Dr. Solomon drew his conclusion that Ragsdale would have difficulty providing childcare for young children. Tr. 219.

The ALJ accorded Dr. Solomon's opinion little weight, based on three factors:  (1) the fact that Dr. Solomon did not assess particular limitations; (2) the fact that Dr. Solomon's examination was "unremarkable; and (3) the fact that Dr. Solomon did not adequately explain his opinion. Tr. 22. The ALJ also relied on

Page 11 - OPINION AND ORDER

the opinions of non-examining doctors to contradict the opinion of Dr. Solomon.    Tr. 23.    These non-examining doctors opined that Ragsdale could perform light work with some postural limitations. See Tr. 165-70, 207-11, 216, 220-28.

Ragsdale argues that the ALJ erred by failing to adequately consider and weigh Dr. Solomon's opinion as that of one of Ragsdale's examining doctors.    The Ninth Circuit distinguishes among the opinions of three types of physicians:    (1) treating physicians;    (2) examining physicians;    and    (3) non-examining physicians.    Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Generally, more weight should be given to the opinion of a treating source than to the opinion of an examining source.    Id.    The opinion of an examining source should, in turn, be given more weight than the opinion of a non-examining source.    Id.    Where a treating or examining physician's opinion is uncontradicted, the Commissioner must provide "clear and convincing" reasons for rejecting the opinion.    Id.    The Commissioner may not reject the opinion of a treating or examining physician, even if contradicted by another physician, unless the rejection is for specific and legitimate reasons, supported by substantial evidence in the record.    Id. at 830-31.    The opinion of a non-examining physician cannot, by itself, constitute such substantial evidence.    Id. at 831.    However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is

brief, conclusory, and inadequately supported by clinical
findings." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002).

In this case, Dr. Solomon's opinion is contradicted by the
opinions of several non-examining physicians. However, the ALJ has
failed to raise specific and legitimate reasons, supported by the
record, for rejecting Dr. Solomon's opinion. As noted earlier, the
opinions of non-examining physicians are insufficient by themselves
to warrant the rejection of Dr. Solomon's opinion. This is
consistent with the Ninth Circuit's declaration that the opinion of
an examining doctor should be given more weight than that of a non-
examining physician. Also relevant to this court's consideration
is the fact that the opinions expressed by these non-examining
doctors are themselves brief, conclusory, and inadequately
supported by clinical findings as they do not fully explain the
clinical basis of their conclusions. Other evidence that may
contradict Dr. Solomon's opinion is testimony as to Ragsdale's
daily activities, including travel, drum lessons, and hula dancing.
Even if this court were to fully adopt the ALJ's conclusion that
Ragsdale's daily activities were inconsistent with Dr. Solomon's
opinion, these activities along with the opinions of the non-
examining doctors do not constitute specific and legitimate
reasons, supported by substantial evidence in the record, for
rejecting the opinion of an examining physician in the
circumstances of this case.

Page 13 - OPINION AND ORDER

Additionally, Dr. Solomon's opinion is neither brief nor inadequately supported by clinical findings. Dr. Solomon based his conclusion on a directed examination of Ragsdale which revealed "mildly positive impingement sign with both shoulders," carpal compression "positive for pain and tingling in the median nerve distribution bilaterally," and "chronic appearing muscle spasm throughout the cervical, thoracic, and lumbosacral paraspinals." Tr. 218. Based on this examination, Dr. Solomon diagnosed Ragsdale as suffering from degenerative arthritis of the cervical and lumbar spines, chronic myofascial pain, and mild carpal tunnel syndrome bilaterally. Tr. 219. This diagnosis is the basis on which Dr. Solomon drew his conclusion that Ragsdale would have difficulty providing childcare for young children. Tr. 219. Dr. Solomon's opinion is further supported by Dr. Nemzek's diagnosis of spinal disc bulge and extrusion. Tr. 229. Based on the above, this court concludes that the ALJ erred by not properly considering his opinion and giving it more weight.

II.  Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further

administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Harman, 211 F.3d at 1178 (citing Smolen, 80 F.3d at 1292). Of course, the third prong of this test is actually a subpart of the second. See Harman, 211 F.3d at 1178 n. 7.[6]

Remand is appropriate in the circumstances of this case as the record is not fully developed and the Commissioner has yet to determine whether SSR 06-03P affects the ALJ's prior decision.

_____

[6] This court notes that Ragsdale noted in her reply brief that "Plaintiff does not rely on the credibility of Plaintiff's subjective statements to carry her burden in proving her disability claim. The ALJ's credibility findings were not an issue raised by Plaintiff in her request for judicial review." Pl.'s Reply Br. 1-2. Moreover, this court does not find an error in the ALJ's consideration of Ragsdale's testimony that warrants an immediate award of benefits at this stage of the proceedings. However, on remand, the ALJ shall revisit his analysis of Ragsdale's credibility. This includes an analysis of Ragsdale's daily activities. The ALJ shall revisit how that analysis is used throughout the disability evaluation.

Moreover, even if Dr. Solomon's opinion was given more weight or was fully credited, it is not clear from the record that the ALJ would be required to find the claimant disabled at the fourth step of the sequential evaluation and the fifth step was not considered in this matter.  All of the parties' other arguments have been considered and found unpersuasive.

<u>Conclusion</u>

For the above reasons, the Court REVERSES the decision of the Commissioner and REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing opinion.  Specifically, the ALJ shall:  (1) determine if SSR 06-03P applies to the ALJ's prior decision; (2) revisit the analysis of the medical evidence, including Schein's opinion, in light of the determination concerning SSR 06-03P; (3)   fully develop the record, resolving conflicts among Schein's opinions; (4) reconsider the analysis of Ragsdale's credibility and the use thereof in light of the reconsidered medical evidence; (5) reconsider how the analysis of credibility and daily activities is used throughout the disability evaluation; and (6) reformulate Ragsdale's RFC and perform the remaining steps of the sequential evaluation as necessary.

DATED this 25th day of February 2009.

_____
Thomas Coffin
United States Magistrate Judge